IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SAJEESH KUMAR KAMALA RAGHAVAN,

    Plaintiff,

v.                                                          Case No. 2:25-cv-2710-MSN-atc

REMMIA SUKAPURATH, *et al.*,

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION FOR DENIAL OF INJUNCTIVE RELIEF AND FOR *SUA SPONTE* DISMISSAL**

---

Before the Court is the Magistrate Judge's Report and Recommendation for Denial of Injunctive Relief and for *Sua Sponte* Dismissal (ECF No. 12, "Report") entered on January 27, 2026. The Report recommends that Plaintiff's motions for injunctive relief (ECF Nos. 4 & 9) be denied and this matter be dismissed *sua sponte* for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

The Report was entered on January 27, 2026, and Plaintiff received electronic notice that same day. The Report notified the parties that any objections or exceptions to the Report could be filed within 14 days after the party was served with a copy of the Report. It also warned that failure to file objections or exceptions within 14 days may constitute a waiver and/or forfeiture of any objections, exceptions, or further appeal. The 14-day period has expired, and no objections,

exceptions, or other motions have been filed. The Court has reviewed the Report for clear error and finds none. The Magistrate Judge's Report and Recommendation (ECF No. 12) is **ADOPTED** in its entirety. Accordingly, Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 4) and Emergency Motion for Temporary Restraining Order (ECF No. 9) are **DENIED**, and this matter is **DISMISSED** for lack of subject matter jurisdiction.

    **IT IS SO ORDERED**, this 18th day of February, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE